## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

WALKER DIGITAL, LLC,

               Plaintiff,

      v.

ACTIVISION BLIZZARD, INC.; ATARI,
INC.; CARTOON INTERACTIVE GROUP,
INC.; CCP NORTH AMERICA, INC.;
CRYPTIC STUDIOS, INC.; DISNEY
INTERACTIVE STUDIOS, INC.;
ELECTRONIC ARTS, INC.;
ESPN/STARWAVE PARTNERS d/b/a/ ESPN
INTERNET VENTURES; GAIA
INTERACTIVE, INC.; MICROSOFT
CORPORATION; MINICLIP AMERICA,
INC.; MLB ADVANCED MEDIA, L.P.;
ONLIVE, INC.; POPCAP GAMES, INC;
SONY COMPUTER ENTERTAINMENT
AMERICA LLC; SONY CORPORATION OF
AMERICA; SONY ONLINE
ENTERTAINMENT LLC; TURBINE, INC.;
TURNER DIGITAL BASKETBALL
SERVICES, INC.; VALVE CORPORATION;
WALT DISNEY COMPANY; YAHOO! INC.
AND ZYNGA, INC.,

               Defendants.

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Walker Digital, LLC ("Walker Digital") files this complaint for patent

infringement against Defendants Activision Blizzard, Inc. ("Activision"); Atari, Inc. ("Atari");

Cartoon Interactive Group, Inc. ("Cartoon Network"); CCP North America, Inc. ("CCP");

Cryptic Studios, Inc. ("Cryptic"); Disney Interactive Studios, Inc. ("Disney Interactive");

Electronic Arts, Inc. ("EA"); ESPN/Starwave Partners d/b/a/ ESPN Internet Ventures ("ESPN");

Gaia Interactive, Inc. ("Gaia"); Microsoft Corporation ("Microsoft"); Miniclip America, Inc.

("Miniclip"); MLB Advanced Media, L.P. ("MLB"); OnLive, Inc. ("OnLive"); PopCap Games, Inc. ("PopCap"); Sony Computer Entertainment America LLC ("Sony Computer"); Sony Corporation of America ("Sony Corporation"); Sony Online Entertainment LLC ("Sony Online"); Turbine, Inc. ("Turbine"); Turner Digital Basketball Services, Inc. ("Turner Digital"); Valve Corporation  ("Valve"); Walt Disney Company ("Walt Disney"); Yahoo! Inc. ("Yahoo!"); and Zynga, Inc. ("Zynga") (collectively the "Defendants"):

## THE PARTIES AND PATENTS-IN-SUIT

1.      Plaintiff Walker Digital, LLC is a Delaware limited liability company with its principal place of business located at 2 High Ridge Park, Stamford, Connecticut 06905.  Walker Digital is a research and development laboratory that has been the genesis for many successful businesses, including Priceline.com and Synapse, Inc.

2.      On information and belief, Defendant Activision is a Delaware corporation with its principal place of business located at 3100 Ocean Park Boulevard, Santa Monica, California 90405.

3.      On information and belief, Defendant Atari is a Delaware corporation with its principal place of business located at 417 Fifth Avenue, New York, New York 10016.

4.      On information and belief, Defendant Cartoon Network is a Delaware corporation with its principal place of business located at One CNN Center, Atlanta, Georgia 30303.

5.      On information and belief, Defendant CCP is a Delaware corporation with its principal place of business located at 2075 West Park Place Blvd. Suite G, Stone Mountain, Georgia 30087.

6.      On information and belief, Defendant Cryptic Studios is a California corporation with its principal place of business located at 980 University Avenue, Los Gatos, California 95032.

7.      On information and belief, Defendant Disney Interactive is a California corporation with its principal place of business located at 500 S. Buena Vista Street, Burbank, California 91521.

8.      On information and belief, Defendant EA is a Delaware corporation with its principal place of business located at 209 Redwood Shores Parkway, Redwood City, California 94065.

9.      On information and belief, Defendant ESPN is a New York partnership with its principal place of business located at 605 Third Avenue, New York, New York 10158.

10.      On information and belief, Defendant Gaia is a Delaware corporation with its principal place of business located at 1741 Technology Dr., Suite 500, San Jose, California 95110.

11.      On information and belief, Defendant Microsoft is a Washington corporation with its principal place of business located at One Microsoft Way, Redmond, Washington 98052.

12.      On information and belief, Defendant Miniclip is a Delaware corporation with its principal place of business located at 1221 Brickell Avenue, Suite 1200, Miami, Florida 33131.

13.      On information and belief, Defendant MLB is a Delaware limited partnership with its principal place of business located at 75 Ninth Ave., New York, New York 10011.

14.      On information and belief, Defendant OnLive is a Delaware corporation with its principal place of business located at 181 Lytton Avenue, Palo Alto, California 943301.

15.     On information and belief, Defendant PopCap is a Washington corporation with its principal place of business located at 2401 4th Ave, Suite 810, Seattle, Washington 98121.

16.     On information and belief, Defendant Sony Computer is a Delaware corporation with its principal place of business located at 919 East Hillsdale Blvd., Foster City, California 94404.

17.     On information and belief, Sony Corporation is a New York corporation with its principal place of business located at 550 Madison Avenue, New York, New York 10022.

18.     On information and belief, Sony Online is a Delaware corporation with its principal place of business located at 8928 Terman Ct., San Diego, California 92121.   (Sony Computer, Sony Corporation and Sony Online are collectively referred to herein as "Sony" or "the Sony Defendants").

19.     On information and belief, Defendant Turbine is a Delaware corporation with its principal place of business located at 60 Glacier Dr., Suite 4000, Westwood, Massachusetts 02090.

20.     On information and belief, Defendant Turner Digital is a Georgia corporation with its principal place of business located at One CNN Center, Atlanta, Georgia 30303.

21.     On information and belief, Defendant Valve is a Washington corporation with its principal place of business located at 8411 Preston Road, Suite 650, Dallas, Texas 75225.

22.     On information and belief, Defendant Walt Disney is a Delaware corporation with its principal place of business located at 500 S. Buena Vista Street, Burbank, California 91521.

23.     On information and belief, defendant Yahoo! is a Delaware corporation with its principal place of business located at 701 1st Avenue, Sunnyvale, California  94089.

24.     On information and belief, Defendant Zynga is a Delaware corporation with its principal place of business located at 365 Vermont St., San Francisco, California 94103.

## JURISDICTION AND VENUE

25.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

26.     On information and belief, Defendants are subject to this Court's jurisdiction because the Defendants have, upon information and belief, transacted business in this district including such activities as (directly and/or through intermediaries) shipping, distributing, offering for sale, selling, and/or advertising (including via the provision of such services over the Internet) each of their products and/or services in the State of Delaware.  Moreover, Defendants Activision, Atari, Cartoon Network, CCP, EA, Gaia, Miniclip, MLB, OnLive, Sony, Sony OnLine, Turbine, Walt Disney, Yahoo! and Zynga are corporations organized and existing under the laws of the State of Delaware.  All Defendants, upon information and belief, are doing substantial business in this District, and have committed acts of patent infringement in this District.

27.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## THE ASSERTED PATENTS

28.     On October 19, 1999, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 5,970,143 ("the '143 patent"), entitled "Remote-Auditing of Computer Generated Outcomes, Authenticated Billing and Access Control, and Software Metering System Using Cryptographic and Other Protocols," to Bruce Schneier, Jay S. Walker,

and James Jorasch, who assigned their rights and interests in the '143 patent to Walker Digital. A true and correct copy of the '143 patent is attached as Exhibit A.

29.     Walker Digital is thus the owner of the '143 patent.

30.     On June 16, 1998, the USPTO duly and legally issued U.S. Patent No. 5,768,382 ("the '382 patent"), entitled "Remote-Auditing of Computer Generated Outcomes and Authenticated Billing and Access Control System Using Cryptographic and Other Protocols," to Bruce Schneier, Jay Walker and James Jorasch, who assigned their rights and interests in the '382 patent to Walker Digital.  A true and correct copy of the '382 patent is attached as Exhibit B.  (The '143 patent and '382 patent are collectively referred to herein as "the Asserted Patents.")

31.     Walker Digital is thus the owner of the '382 patent.

## FACTUAL BACKGROUND

32.     Walker Digital is a research and development laboratory that has invested many millions of dollars in the development of its intellectual property.  Walker Digital is comprised of a diverse group of inventors who solve business problems by studying human behavior and designing innovative solutions utilizing modern information technologies.  Walker Digital's invention team has created a portfolio of more than 200 U.S. and international patents in a wide range of industries that include retail, vending, credit cards, security, gaming, educational testing, and entertainment.  Jay Walker, the chairman of Walker Digital, is best known as the founder of Priceline.com, which brought unprecedented technology and a new level of value to the travel industry.  The business processes that guide Priceline.com's success were created in the

invention lab of Walker Digital.  As an inventor, Mr. Walker is named on more than 450 issued and pending U.S. and international patents.

33.     Walker Digital has invested large sums of money to develop the inventions of Mr. Walker and Walker Digital's team of innovators.  This investment has been used for many things, including the development of laboratory facilities to assist with the development and testing of new inventions, which, in turn, has generated additional new inventions.  Many of these new inventions have been the genesis for successful businesses, including Priceline.com and Synapse, Inc.  Revolutionary technologies, including the systems and methods for remote-auditing of computer generated outcomes and authenticated billing and access control described and claimed in the Asserted Patents, were a direct result of that investment.

34.     The '143 patent represents important advances in the field of electronic games. The invention of the '143 patent allows video and computer game enthusiasts to submit their game outcomes to a central online repository so that they can be compared to the results of other players.  By way of example and not limitation, the '143 invention involves saving game outcomes for further use, as well as monitoring the amount of time a player spends playing a game.

35.     The '382 patent discloses technology that enhances online gaming by allowing players to track and submit game outcomes for multiple games.  By way of example and without limitation, this is accomplished through the use of a computer processor and memory to decode messages about game outcomes, as well as the generation and transmission of unique registration numbers to keep track of outcomes for multiple games.

## COUNT I
## (Infringement of the '143 Patent)

36.     Walker Digital incorporates and realleges the allegations of paragraphs 1-35 as if fully set forth above.

37.     Upon information and belief, Defendant Activision is infringing (literally and/or under the doctrine of equivalents) the '143 patent in this District and throughout the United States by, among other things, making and using systems for remote-auditing of computer generated outcomes, including StarCraft II on Battle.net, covered by, without limitation, claim 4 of the '143 patent.  By way of example and without limitation, Defendant's systems allow the saving of game outcomes for further use, as well as monitoring the amount of time a player spends playing a game.

38.     Upon information and belief, Defendant Atari is infringing (literally and/or under the doctrine of equivalents) the '143 patent in this District and throughout the United States by, among other things, making and using systems for remote-auditing of computer generated outcomes, including various games found on www.atari.com/play, such as Darklings Taking Over?, covered by, without limitation, claim 4 of the '143 patent.  By way of example and without limitation, Defendant's systems allow the saving of game outcomes for further use, as well as monitoring the amount of time a player spends playing a game.

39.     Upon information and belief, Defendant Cartoon Network is infringing (literally and/or under the doctrine of equivalents) the '143 patent in this District and throughout the United States by, among other things, making and using systems for remote-auditing of computer generated outcomes, including CartoonNetwork.com's TKO game, covered by,

without limitation, claim 4 of the '143 patent.  By way of example and without limitation, Defendant's systems allow the saving of game outcomes for further use, as well as monitoring the amount of time a player spends playing a game.

40.     Upon information and belief, Defendant CCP is infringing (literally and/or under the doctrine of equivalents) the '143 patent in this District and throughout the United States by, among other things, making and using systems for remote-auditing of computer generated outcomes, including its EVE Online platform, covered by, without limitation, claim 4 of the '143 patent.  By way of example and without limitation, Defendant's systems allow the saving of game outcomes for further use, as well as monitoring the amount of time a player spends playing a game.

41.     Upon information and belief, Defendant Cryptic is infringing (literally and/or under the doctrine of equivalents) the '143 patent in this District and throughout the United States by, among other things, making and using systems for remote-auditing of computer generated outcomes, including Star Trek Online, covered by, without limitation, claim 4 of the '143 patent.  By way of example and without limitation, Defendant's systems allow the saving of game outcomes for further use, as well as monitoring the amount of time a player spends playing a game.

42.     Upon information and belief, Defendant Disney Interactive is infringing (literally and/or under the doctrine of equivalents) the '143 patent in this District and throughout the United States by, among other things, making and using systems for remote-auditing of computer generated outcomes, including various games found at http://disney.go.com/multiplayer/, such as the "Wizards of Waverly Place: Box of Spells," covered by, without limitation, claim 4 of the '143 patent.  By way of example and without

limitation, Defendant's systems allow the saving of game outcomes for further use, as well as monitoring the amount of time a player spends playing a game.

43.     Upon information and belief, Defendant EA is infringing (literally and/or under the doctrine of equivalents) the '143 patent in this District and throughout the United States by, among other things, making and using systems for remote-auditing of computer generated outcomes, including various games at www.pogo.com such as Payday FreeCell Solitaire and Turbo 21, covered by, without limitation, claim 4 of the '143 patent.  By way of example and without limitation, Defendant's systems allow the saving of game outcomes for further use, as well as monitoring the amount of time a player spends playing a game.

44.     Upon information and belief, Defendant ESPN is infringing (literally and/or under the doctrine of equivalents) the '143 patent in this District and throughout the United States by, among other things, making and using systems for remote-auditing of computer generated outcomes, including for example the Arcade 'Round the World game that can be found at ESPN.go.com, covered by, without limitation, claim 4 of the '143 patent.  By way of example and without limitation, Defendant's systems allow the saving of game outcomes for further use, as well as monitoring the amount of time a player spends playing a game.

45.     Upon information and belief, Defendant Gaia is infringing (literally and/or under the doctrine of equivalents) the '143 patent in this District and throughout the United States by, among other things, making and using systems for remote-auditing of computer generated outcomes, such as the Gaia Online platform, covered by, without limitation, claim 4 of the '143 patent.  By way of example and without limitation, Defendant's systems allow the saving of game outcomes for further use, as well as monitoring the amount of time a player spends playing a game.

46.     Upon information and belief, Defendant Microsoft is infringing (literally and/or under the doctrine of equivalents) the '143 patent in this District and throughout the United States by, among other things, making and using systems for remote-auditing of computer generated outcomes, including Xbox 360 and Xbox LIVE, covered by, without limitation, claim 4 of the '143 patent.  By way of example and without limitation, Defendant's systems allow the saving of game outcomes for further use, as well as monitoring the amount of time a player spends playing a game.

47.     Upon information and belief, Defendant Miniclip is infringing (literally and/or under the doctrine of equivalents) the '143 patent in this District and throughout the United States by, among other things, making and using systems for remote-auditing of computer generated outcomes, including various games found at www.miniclip.com, such as Sushi Go Round, covered by, without limitation, claim 4 of the '143 patent.  By way of example and without limitation, Defendant's systems allow the saving of game outcomes for further use, as well as monitoring the amount of time a player spends playing a game.

48.     Upon information and belief, Defendant MLB is infringing (literally and/or under the doctrine of equivalents) the '143 patent in this District and throughout the United States by, among other things, making and using systems for remote-auditing of computer generated outcomes, including "Beat the Streak" game found at MLB.com, covered by, without limitation, claim 4 of the '143 patent.  By way of example and without limitation, Defendant's systems allow the saving of game outcomes for further use, as well as monitoring the amount of time a player spends playing a game.

49.     Upon information and belief, Defendant OnLive is infringing (literally and/or under the doctrine of equivalents) the '143 patent in this District and throughout the United

States by, among other things, making and using systems for remote-auditing of computer generated outcomes, including the OnLive platform and OnLive PlayPack, accessible at OnLive.com, covered by, without limitation, claim 4 of the '143 patent. By way of example and without limitation, Defendant's systems allow the saving of game outcomes for further use, as well as monitoring the amount of time a player spends playing a game.

50.     Upon information and belief, Defendant PopCap is infringing (literally and/or under the doctrine of equivalents) the '143 patent in this District and throughout the United States by, among other things, making and using systems for remote-auditing of computer generated outcomes, including its Bejeweled iPhone, Facebook and Web applications, covered by, without limitation, claim 4 of the '143 patent. By way of example and without limitation, Defendant's systems allow the saving of game outcomes for further use, as well as monitoring the amount of time a player spends playing a game.

51.     Upon information and belief, the Sony Defendants are infringing (literally and/or under the doctrine of equivalents) the '143 patent in this District and throughout the United States by, among other things, making and using systems for remote-auditing of computer generated outcomes, including Playstation Network and Playstation 3, covered by, without limitation, claim 4 of the '143 patent. By way of example and without limitation, Defendant's systems allow the saving of game outcomes for further use, as well as monitoring the amount of time a player spends playing a game.

52.     Upon information and belief, Defendant Turbine is infringing (literally and/or under the doctrine of equivalents) the '143 patent in this District and throughout the United States by, among other things, making and using systems for remote-auditing of computer generated outcomes, including its Lord of the Rings Online game, covered by, without

limitation, claim 4 of the '143 patent.  By way of example and without limitation, Defendant's systems allow the saving of game outcomes for further use, as well as monitoring the amount of time a player spends playing a game.

53.    Upon information and belief, Defendant Turner Digital is infringing (literally and/or under the doctrine of equivalents) the '143 patent in this District and throughout the United States by, among other things, making and using systems for remote-auditing of computer generated outcomes, including the "Pick One Challenge" game that can be found at NBA.com, covered by, without limitation, claim 4 of the '143 patent.  By way of example and without limitation, Defendant's systems allow the saving of game outcomes for further use, as well as monitoring the amount of time a player spends playing a game.

54.    Upon information and belief, Defendant Valve is infringing (literally and/or under the doctrine of equivalents) the '143 patent in this District and throughout the United States by, among other things, making and using systems for remote-auditing of computer generated outcomes, including its Steam platform, covered by, without limitation, claim 4 of the '143 patent.  By way of example and without limitation, Defendant's systems allow the saving of game outcomes for further use, as well as monitoring the amount of time a player spends playing a game.

55.    Upon information and belief, Defendant Walt Disney is infringing (literally and/or under the doctrine of equivalents) the '143 patent in this District and throughout the United States by, among other things, making and using systems for remote-auditing of computer generated outcomes, including for example Club Penguin, the Thin Ice game and other Online games at play.clubpenguin.com, covered by, without limitation, claim 4 of the '143 patent.  By way of example and without limitation, Defendant's systems allow the saving of

game outcomes for further use, as well as monitoring the amount of time a player spends playing a game.

56.     Upon information and belief, Defendant Yahoo! is infringing (literally and/or under the doctrine of equivalents) the '143 patent in this District and throughout the United States by, among other things, making and using systems for remote-auditing of computer generated outcomes, including games available at:   http://games.yahoo.com/multiplayer-games such as chess, covered by, without limitation, claim 4 of the '143 patent.  By way of example and without limitation, Defendant's systems allow the saving of game outcomes for further use, as well as monitoring the amount of time a player spends playing a game.

57.     Upon information and belief, Defendant Zynga is infringing (literally and/or under the doctrine of equivalents) the '143 patent in this District and throughout the United States by, among other things, making and using systems for remote-auditing of computer generated outcomes, including its FarmVille iPhone, iPAD, Web and/or Facebook applications, covered by, without limitation, claim 4 of the '143 patent.  By way of example and without limitation, Defendant's systems allow the saving of game outcomes for further use, as well as monitoring the amount of time a player spends playing a game.

58.     Defendants committed these acts of infringement without license or authorization.

59.     Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '143 patent.

## COUNT II

### (Infringement of the '382 Patent)

60.     Walker Digital incorporates and realleges the allegations of paragraphs 1-59 as if fully set forth above.

61.     Upon information and belief, Defendant Microsoft is infringing (literally and/or under the doctrine of equivalents) the '382 patent in this District and throughout the United States by, among other things, making and using computer devices for remote-auditing of computer generated outcomes, including Xbox 360 consoles, covered by, without limitation, claim 9 of the '382 patent.  By way of example and without limitation, Defendant's accused products include a computer processor and memory to decode messages about game outcomes, and transmit unique registration numbers to keep track of outcomes for multiple games.

62.     Upon information and belief, Defendant OnLive is infringing (literally and/or under the doctrine of equivalents) the '382 patent in this District and throughout the United States by, among other things, making and using computer devices for remote-auditing of computer generated outcomes, including the OnLive system, comprising among other things computer servers running OnLive software, covered by, without limitation, claim 9 of the '382 patent.  By way of example and without limitation, Defendant's accused products include a computer processor and memory to decode messages about game outcomes, and transmit unique registration numbers to keep track of outcomes for multiple games.

63.     Upon information and belief, the Sony Defendants are infringing (literally and/or under the doctrine of equivalents) the '382 patent in this District and throughout the United States by, among other things, making and using computer devices for remote-auditing of

computer generated outcomes, including Sony PlayStation 3 consoles, covered by, without limitation, claim 9 of the '382 patent.  By way of example and without limitation, Defendants' accused products include a computer processor and memory to decode messages about game outcomes, and transmit unique registration numbers to keep track of outcomes for multiple games.

64.     Defendants committed these acts of infringement without license or authorization.

65.     Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '382 patent.

## DEMAND FOR JURY TRIAL

Plaintiff Walker Digital, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

For the foregoing reasons, Walker Digital respectfully asks this Court to grant the following relief in favor of Walker Digital and against Defendants:

(a)     A judgment in favor of Walker Digital that Defendants have directly infringed (either literally or under the doctrine of equivalents) one or more claims of the '143 patent;

(b)     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing the '143 patent;

(d)     A judgment and order requiring Defendants to pay Walker Digital its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '143 patent;

(e)     A judgment in favor of Walker Digital that Defendants have directly infringed (either literally or under the doctrine of equivalents) one or more claims of the '382 patent;

(f)     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing the '382 patent;

(g)     A judgment and order requiring Defendants to pay Walker Digital its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '382 patent;

(h)     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Walker Digital its reasonable attorneys' fees; and

(i)     Any and all such other relief as the Court deems just and proper.

April 11, 2011                                    BAYARD, P.A.

Of Counsel:                                        /s/ Richard D. Kirk
                                                  Richard D. Kirk (rk0922)
James C. Otteson                                  Stephen B. Brauerman (sb4952)
David A. Caine                                    222 Delaware Avenue, Suite 900
Tom Carmack                                       Wilmington, DE  19801
Xiang Long                                        (302) 655-5000
AGILITY IP LAW, LLC                               rkirk@bayardlaw.com
1900 University Circle                            sbraueman@bayardlaw.com
Suite 201
East Palo Alto, CA  94303                         *Attorneys for Plaintiff Walker Digital, LLC*
(650) 227-4800
jim@agilityiplaw.com
dacaine@agilityiplaw.com
tom@agilityiplaw.com
longxiang@agilityiplaw.com