IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALKER DIGITAL, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 11-322 (SLR) ) |
| ACTIVISION BLIZZARD, INC.; ATARI, INC.; CARTOON INTERACTIVE GROUP, INC.; CCP NORTH AMERICA, INC.; CRYPTIC STUDIOS, INC.; DISNEY INTERACTIVE STUDIOS, INC.; ELECTRONIC ARTS, INC.; ESPN/STARWAVE PARTNERS d/b/a/ ESPN INTERNET VENTURES; GAIA INTERACTIVE, INC.; MICROSOFT CORPORATION; MINICLIP AMERICA, INC.; MLB ADVANCED MEDIA, L.P.; ONLIVE, INC.; POPCAP GAMES, INC; SONY COMPUTER ENTERTAINMENT AMERICA LLC; SONY CORPORATION OF AMERICA; SONY ONLINE ENTERTAINMENT LLC; TURBINE, INC.; TURNER DIGITAL BASKETBALL SERVICES, INC.; VALVE CORPORATION; WALT DISNEY COMPANY; YAHOO! INC. AND ZYNGA, INC., | ) **DEMAND FOR JURY TRIAL** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
OF DEFENDANT ACTIVISION BLIZZARD, INC. TO THE COMPLAINT**

Defendant Activision Blizzard, Inc. ("Activision") by and through its attorneys, answers Plaintiff Walker Digital, LLC's ("Plaintiff's") Complaint ("Complaint") and asserts defenses and counterclaims as follows:

**THE PARTIES**

1. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint and, on that basis, denies each and every allegation of paragraph 1 of the Complaint.

2. Activision admits only that it is a Delaware corporation, and that its principal place of business is at 3100 Ocean Park Boulevard, Santa Monica, California. Except as expressly admitted herein, Activision denies the allegations of paragraph 2 of the Complaint.

3. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint and, on that basis, denies each and every allegation of paragraph 3 of the Complaint.

4. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint and, on that basis, denies each and every allegation of paragraph 4 of the Complaint.

5. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint and, on that basis, denies each and every allegation of paragraph 5 of the Complaint.

6. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and, on that basis, denies each and every allegation of paragraph 6 of the Complaint.

7. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint and, on that basis, denies each and every allegation of paragraph 7 of the Complaint.

8. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint and, on that basis, denies each and every allegation of paragraph 8 of the Complaint.

9. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint and, on that basis, denies each and every allegation of paragraph 9 of the Complaint.

10. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint and, on that basis, denies each and every allegation of paragraph 10 of the Complaint.

11. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint and, on that basis, denies each and every allegation of paragraph 11 of the Complaint.

12. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint and, on that basis, denies each and every allegation of paragraph 12 of the Complaint.

13. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint and, on that basis, denies each and every allegation of paragraph 13 of the Complaint.

14. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint and, on that basis, denies each and every allegation of paragraph 14 of the Complaint.

15. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint and, on that basis, denies each and every allegation of paragraph 15 of the Complaint.

16. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint and, on that basis, denies each and every allegation of paragraph 16 of the Complaint.

17. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint and, on that basis, denies each and every allegation of paragraph 17 of the Complaint.

18. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint and, on that basis, denies each and every allegation of paragraph 18 of the Complaint.

19. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint and, on that basis, denies each and every allegation of paragraph 19 of the Complaint.

20. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint and, on that basis, denies each and every allegation of paragraph 20 of the Complaint.

21. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint and, on that basis, denies each and every allegation of paragraph 21 of the Complaint.

22. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint and, on that basis, denies each and every allegation of paragraph 22 of the Complaint.

23. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint and, on that basis, denies each and every allegation of paragraph 23 of the Complaint.

24. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint and, on that basis, denies each and every allegation of paragraph 24 of the Complaint.

**JURISDICTION AND VENUE**

25. Activision admits that Plaintiff purports to bring this action under Title 35 of the United States Code as a claim for patent infringement. Activision denies that it has infringed, or is

now infringing, any patent, and denies that Plaintiff is entitled to an injunction or any other relief. Activision admits that jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted herein, Activision denies the allegations of paragraph 25 of the Complaint.

26. Activision admits only that this Court has personal jurisdiction over Activision for purposes of this action. Activision denies that it has infringed, or is now infringing, any patent, and denies that Plaintiff is entitled to an injunction or any other relief. Activision is without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph related to other defendants and, on that basis, denies each and every remaining allegation of paragraph 26 of the Complaint. Except as expressly admitted herein, Activision denies the allegations of paragraph 26 of the Complaint.

27. Activision admits venue is proper in the District of Delaware under Title 28 of the United States Code sections 1391 and 1400 as to Activision. Except as expressly admitted herein, Activision denies the allegations of paragraph 27 of the Complaint.

**THE ASSERTED PATENTS**

28. Activision admits that United States Patent No. 5,970,143 (the "'143 patent") is entitled "Remote-Auditing of Computer Generated Outcomes, Authenticated Billing and Access Control, and Software Metering System Using Cryptographic and Other Protocols." Activision further admits that the '143 patent states on its face that the named inventors are Bruce Schneier, Jay S. Walker, and James Jorasch, that it issued on October 19, 1999, and that Walker Asset Management LP is an assignee. Activision further admits that Plaintiff purports to attach a copy of the '143 patent as Exhibit A to the Complaint. Except as expressly admitted herein, Activision denies the allegations of paragraph 28 of the Complaint.

29. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint and, on that basis, denies each and every allegation of paragraph 29 of the Complaint.

30. Activision admits that United States Patent No. 5,768,382 (the "'382 patent") is entitled "Remote-Auditing of Computer Generated Outcomes and Authenticated Billing and Access Control System Using Cryptographic and Other Protocols." Activision further admits that the '382 patent states on its face that the named inventors are Bruce Schneier, Jay S. Walker, and James Jorasch, that it issued on June 16, 1998, and that Walker Asset Management Limited Partnership is an assignee. Activision further admits that Plaintiff purports to attach a copy of the '382 patent as Exhibit B to the Complaint. Except as expressly admitted herein, Activision denies the allegations of paragraph 30 of the Complaint.

31. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint and, on that basis, denies each and every allegation of paragraph 31 of the Complaint.

## FACTUAL BACKGROUND

32. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint and, on that basis, denies each and every allegation of paragraph 32 of the Complaint.

33. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint and, on that basis, denies each and every allegation of paragraph 33 of the Complaint.

34. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint and, on that basis, denies each and every allegation of paragraph 34 of the Complaint.

35. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint and, on that basis, denies each and every allegation of paragraph 35 of the Complaint.

## COUNT I
### (Alleged Infringement of the '143 Patent)

36. Activision incorporates by reference its responses to paragraphs 1-35 of the Complaint as if fully set forth herein.

37. Activision denies each and every allegation of paragraph 37 of the Complaint.

38. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint and, on that basis, denies each and every allegation of paragraph 38 of the Complaint.

39. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint and, on that basis, denies each and every allegation of paragraph 39 of the Complaint.

40. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint and, on that basis, denies each and every allegation of paragraph 40 of the Complaint.

41. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint and, on that basis, denies each and every allegation of paragraph 41 of the Complaint.

42. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint and, on that basis, denies each and every allegation of paragraph 42 of the Complaint.

43. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint and, on that basis, denies each and every allegation of paragraph 43 of the Complaint.

44. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint and, on that basis, denies each and every allegation of paragraph 44 of the Complaint.

45. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint and, on that basis, denies each and every allegation of paragraph 45 of the Complaint.

46. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint and, on that basis, denies each and every allegation of paragraph 46 of the Complaint.

47. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint and, on that basis, denies each and every allegation of paragraph 47 of the Complaint.

48. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint and, on that basis, denies each and every allegation of paragraph 48 of the Complaint.

49. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint and, on that basis, denies each and every allegation of paragraph 49 of the Complaint.

50. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint and, on that basis, denies each and every allegation of paragraph 50 of the Complaint.

51. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint and, on that basis, denies each and every allegation of paragraph 51 of the Complaint.

52. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint and, on that basis, denies each and every allegation of paragraph 52 of the Complaint.

53. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint and, on that basis, denies each and every allegation of paragraph 53 of the Complaint.

54. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint and, on that basis, denies each and every allegation of paragraph 54 of the Complaint.

55. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint and, on that basis, denies each and every allegation of paragraph 55 of the Complaint.

56. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint and, on that basis, denies each and every allegation of paragraph 56 of the Complaint.

57. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint and, on that basis, denies each and every allegation of paragraph 57 of the Complaint.

58. Activision denies each and every allegation of paragraph 58 of the Complaint as to Activision. Activision is without knowledge or information sufficient to form a belief as to the

truth of allegations in this paragraph related to other defendants and, on that basis, denies each and every remaining allegation of paragraph 58 of the Complaint.

59. Activision denies each and every allegation of paragraph 59 of the Complaint as to Activision. Activision is without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph related to other defendants and, on that basis, denies each and every remaining allegation of paragraph 59 of the Complaint. Activision denies that Plaintiff is entitled to any of its relief prayed for as to Activision.

## COUNT II
**(Alleged Infringement of the '382 Patent)**

60. Activision incorporates by reference its responses to paragraphs 1-59 of the Complaint as if fully set forth herein.

61. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint and, on that basis, denies each and every allegation of paragraph 61 of the Complaint.

62. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint and, on that basis, denies each and every allegation of paragraph 62 of the Complaint.

63. Activision is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint and, on that basis, denies each and every allegation of paragraph 63 of the Complaint.

64. Activision denies each and every allegation of paragraph 64 of the Complaint as to Activision. Activision is without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph related to other defendants and, on that basis, denies each and every remaining allegation of paragraph 64 of the Complaint.

65. Activision denies each and every allegation of paragraph 65 of the Complaint as to Activision. Activision is without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph related to other defendants and, on that basis, denies each and every remaining allegation of paragraph 65 of the Complaint.

66. In response to Plaintiff's Prayer for Relief, Activision denies that Plaintiff is entitled to any relief sought in Paragraphs (a) through (i) of the Prayer for Relief.

67. Any remaining allegations in the Complaint that are not expressly admitted are denied.

## AFFIRMATIVE DEFENSES

Activision asserts the following affirmative defenses to the Complaint. Assertion of such a defense is not a concession that Activision has the burden of proving the matter asserted.

### First Affirmative Defense

68. Activision has not infringed, and does not infringe, either literally or by application of the doctrine of equivalents, the '143 patent.

### Second Affirmative Defense

69. The '143 patent is invalid for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and/or 112.

### Third Affirmative Defense

70. Plaintiff is not entitled to any injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, Plaintiff has an adequate remedy at law for any alleged injury, and there is a compelling public interest in allowing Activision to continue to make, sell, offer to sell, and distribute its offerings.

### Fourth Affirmative Defense

71. Plaintiff's claims should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

### Fifth Affirmative Defense

72. Plaintiff's available remedies are limited or barred by 35 U.S.C. § 286.

### Sixth Affirmative Defense

73. Plaintiff is barred by the doctrines of prosecution history estoppel and prosecution disclaimer from maintaining that Activision infringes any claim of the '143 patent.

## COUNTERCLAIMS

In addition to its affirmative defenses, Activision Blizzard, Inc. ("Activision") further asserts the following counterclaims against Walker Digital, LLC ("Counterclaim-Defendant").

## THE PARTIES

74. Activision is a corporation duly organized and existing under the laws of Delaware, and its principal place of business is located at 3100 Ocean Park Boulevard, Santa Monica, California.

75. On information and belief, Counterclaim-Defendant is a Delaware limited liability company with its principal place of business at 2 High Ridge Park, Stamford, Connecticut.

## JURISDICTION AND VENUE

76. These Counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

77. This Court has personal jurisdiction over Counterclaim-Defendant at least because it has submitted to the jurisdiction of this Court.

78. Venue is proper under 28 U.S.C. § 1391.

79. On or about October 19, 1999, United States Patent No. 5,970,143 (the "'143 patent") entitled "Remote-Auditing of Computer Generated Outcomes, Authenticated Billing and Access Control, and Software Metering System Using Cryptographic and Other Protocols" issued.

80. Counterclaim-Defendant asserts that Activision infringes the '143 patent. Activision asserts that the '143 patent is invalid. Activision further asserts that it has not infringed and is not infringing the '143 patent. Pursuant to 28 U.S.C. § 2201(a), an actual and justiciable controversy has arisen and exists between Activision and Counterclaim-Defendant.

81. Activision is entitled to a judicial determination and declaration that it has not infringed and is not infringing the '143 patent, and that the '143 patent is invalid.

## FIRST COUNTERCLAIM
**(Declaratory Judgment of Non-Infringement)**

82. Paragraphs 71-78 are incorporated by reference as if fully set forth herein.

83. On or about April 11, 2011, Counterclaim-Defendant filed its Complaint for Patent Infringement asserting that Activision infringes the '143 patent.

84. Activision has not infringed and is not infringing the '143 patent, either literally or by application of the doctrine of equivalents.

## SECOND COUNTERCLAIM
**(Declaratory Judgment of Invalidity)**

85. Paragraphs 71-78 are incorporated by reference as if fully set forth herein.

86. On or about April 11, 2011, Counterclaim-Defendant filed its Complaint for Patent Infringement asserting that Activision infringes the '143 patent.

87. The '143 patent is invalid for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Activision prays as follows:

A. That the Complaint be dismissed in its entirety with prejudice and that a Judgment be entered for Activision;

B. That Plaintiff take nothing by reason of its Complaint;

C. For a declaratory judgment that:

(i) Activision does not infringe, either literally or by application of the Doctrine of Equivalents, any valid and enforceable claim of the '143 patent;

(ii) The '143 patent is invalid; and

(iii) Counterclaim-Defendant, its officers, servants, employees, agents, and attorneys, and all those in concert or participation with them, are without right or authority to threaten or maintain suit against Activision, its present or prospective customers, agents, servants, or employees, or users of Activision's products, for alleged infringement of the '143 patent;

D. For an injunction prohibiting Plaintiff, its officers, servants, employees, agents and attorneys, and all those in concert or participation with them who receive actual notice of the injunction, from initiating infringement litigation against and from threatening Activision, its present or prospective customers, agents, servants, or employees, or users of Activision's products, with infringement litigation or charging any of them either orally or in writing with infringement of the '143 patent, or representing to any of them that infringement has occurred, because of the manufacture, use, sale, or offer for sale of any Activision products;

E. That Activision be awarded under 35 U.S.C. § 285 its attorneys' fees and costs of suit incurred in this litigation, as Plaintiff's conduct as set forth above renders this an exceptional case; and

F. For such other relief as the Court deems proper.

**DEMAND FOR A JURY TRIAL**

Activision demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), on all issues that may be tried by a jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Melissa L. Troutner*

Jack B. Blumenfeld (#1014)
Melissa L. Troutner (#4627)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mtroutner@mnat.com

OF COUNSEL:

Wayne M. Barsky
H. Mark Lyon
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East
Los Angeles, CA 90067
(310) 552-8500

*Attorneys for Activision Blizzard, Inc.*

June 10, 2011
4313142

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

        Richard D. Kirk, Esquire
        Stephen B. Brauerman, Esquire
        BAYARD, P.A.

        Jeffrey L. Moyer, Esquire
        Kelly Farnan, Esquire
        RICHARDS, LAYTON & FINGER, P.A.

        Michael P. Kelly, Esquire
        Daniel M. Silver, Esquire
        MCCARTER & ENGLISH, LLP

        William J. Marsden, Jr., Esquire
        Tara D. Elliott, Esquire
        Lauren Murphy Pringle, Esquire
        FISH & RICHARDSON P.C.

I further certify that I caused copies of the foregoing document to be served on June 10, 2011, upon the following in the manner indicated:

| | |
|---|---|
| Richard D. Kirk, Esquire<br>Stephen B. Brauerman, Esquire<br>BAYARD, P.A.<br>222 Delaware Avenue<br>Suite 900<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| James C. Otteson, Esquire<br>David A. Caine, Esquire<br>Tom Carmack, Esquire<br>Xiang Long<br>AGILITY IP LAW, LLC<br>1900 University Circle<br>Suite 201<br>Palo Alto, CA 94303<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

Karinah Khachatourian, Esquire　　　　　　　　　　　　　　　　*VIA ELECTRONIC MAIL*
Bryan Sinclair, Esquire
K&L GATES LLP
630 Hansen Way
Palo Alto, CA  94304
*Attorneys for Sony Computer Entertainment*
*America LLC, Sony Corporation of America*
*and Sony Online Entertainment LLC*

Jeffrey L. Moyer, Esquire　　　　　　　　　　　　　　　　　　　*VIA ELECTRONIC MAIL*
Kelly Farnan, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
*Attorneys for Miniclip America, Inc.*

Michael P. Kelly, Esquire　　　　　　　　　　　　　　　　　　　*VIA ELECTRONIC MAIL*
Daniel M. Silver, Esquire
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 North King Street
8th Floor
Wilmington, DE  19801
*Attorneys for MLB Advanced Media, L.P.*

William J. Marsden, Jr., Esquire　　　　　　　　　　　　　　　　*VIA ELECTRONIC MAIL*
Tara D. Elliott, Esquire
Lauren Murphy Pringle, Esquire
FISH & RICHARDSON P.C.
222 Delaware Avenue – 17th Floor
Wilmington, DE  19801
*Attorneys for Microsoft Corporation*


　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Melissa L. Troutner*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Melissa L. Troutner (#4627)