## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALKER DIGITAL, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>ACTIVISION BLIZZARD, INC.; ATARI, INC.; CARTOON INTERACTIVE GROUP, INC.; CCP NORTH AMERICA, INC.; CRYPTIC STUDIOS, INC.; DISNEY INTERACTIVE STUDIOS, INC.; ELECTRONIC ARTS, INC.; ESPN/STARWAVE PARTNERS d/b/a/ ESPN INTERNET VENTURES; GAIA INTERACTIVE, INC.; MICROSOFT CORPORATION; MINICLIP TECH (US) LIMITED, INC.; MLB ADVANCED MEDIA, L.P.; ONLIVE, INC.; POPCAP GAMES, INC; SONY COMPUTER ENTERTAINMENT AMERICA LLC; TURBINE, INC.; TURNER DIGITAL BASKETBALL SERVICES, INC.; VALVE CORPORATION; WALT DISNEY COMPANY; YAHOO! INC. and ZYNGA, INC.,<br><br>      Defendants. | C.A. No. 11-322-SLR<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT MICROSOFT CORPORATION'S ANSWER AND COUNTERCLAIM
### TO COMPLAINT FOR PATENT INFRINGEMENT

      Defendant Microsoft Corporation ("Microsoft"), by and through its attorneys, hereby answers the Complaint for Patent Infringement of Plaintiff Walker Digital, LLC ("Walker Digital"). Microsoft denies each and every allegation in the Complaint that is not expressly admitted below. Microsoft specifically responds as follows:

## THE PARTIES AND PATENTS-IN-SUIT

1. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 1 of the Complaint and therefore denies them.

2. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 2 of the Complaint and therefore denies them.

3. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 3 of the Complaint and therefore denies them.

4. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 4 of the Complaint and therefore denies them.

5. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 5 of the Complaint and therefore denies them.

6. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 6 of the Complaint and therefore denies them.

7. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 7 of the Complaint and therefore denies them.

8. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 8 of the Complaint and therefore denies them.

9. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 9 of the Complaint and therefore denies them.

10. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 10 of the Complaint and therefore denies them.

11. Microsoft admits the allegations of paragraph 11 of the Complaint.

12. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 12 of the Complaint and therefore denies them.

13. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 13 of the Complaint and therefore denies them.

14. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 14 of the Complaint and therefore denies them.

15. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 15 of the Complaint and therefore denies them.

16. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 16 of the Complaint and therefore denies them.

17. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 17 of the Complaint and therefore denies them.

18. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 18 of the Complaint and therefore denies them.

19. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 19 of the Complaint and therefore denies them.

20. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 20 of the Complaint and therefore denies them.

21. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 21 of the Complaint and therefore denies them.

22. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 22 of the Complaint and therefore denies them.

23. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 23 of the Complaint and therefore denies them.

24. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 24 of the Complaint and therefore denies them.

**JURISDICTION AND VENUE**

25. Microsoft admits that the Complaint purports to state a claim arising under the patent laws of the United States, Title 35 of the United States Code. Microsoft admits the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Microsoft denies any remaining allegations in paragraph 25.

26. Solely for the purposes of this matter, Microsoft does not contest personal jurisdiction in this District. Microsoft denies that it has committed any acts of infringement within this or any other district and denies any remaining allegations of paragraph 26.

27. Solely for the purposes of this matter, Microsoft admits that, with respect to Microsoft, venue is proper in the District of Delaware. To the extent that paragraph 27 seeks admission by Microsoft with respect to its co-defendants in this matter, Microsoft is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies the same. Microsoft denies that this is the most convenient venue for this action.

**THE ASSERTED PATENTS**

28. Microsoft admits that U.S. Patent No. 5,970,143 ("the '143 patent") is entitled "Remote-Auditing of Computer Generated Outcomes, Authenticated Billing and Access Control, and Software Metering System Using Cryptographic and Other Protocols." Microsoft admits that Exhibit A appears to be a copy of the '143 patent, but lacks sufficient information to verify

its authenticity. Microsoft denies that the '143 patent was duly and legally issued. Microsoft is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 28, and therefore denies them.

29.     Microsoft does not have sufficient information to admit or deny the allegations in paragraph 29 of the Complaint and therefore denies them.

30.     Microsoft admits that U.S. Patent No. 5,768,382 ("the '382 patent") is entitled "Remote-Auditing of Computer Generated Outcomes and Authenticated Billing and Access Control System Using Cryptographic and Other Protocols."  Microsoft admits that Exhibit B appears to be a copy of the '382 patent, but lacks sufficient information to verify its authenticity. Microsoft denies that the '382 patent was duly and legally issued.  Microsoft is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 30, and therefore denies them.

31.     Microsoft does not have sufficient information to admit or deny the allegations in paragraph 31 of the Complaint and therefore denies them.

## FACTUAL BACKGROUND

32.     Microsoft does not have sufficient information to admit or deny the allegations in paragraph 32 of the Complaint and therefore denies them.

33.     Microsoft denies the '143 or '382 patents claim revolutionary technologies. Microsoft does not have sufficient information to admit or deny the remaining allegations in paragraph 33 of the Complaint and therefore denies them.

34.     Microsoft denies the '143 patent represents important advances in the field of electronic arts.  Microsoft does not have sufficient information to admit or deny the remaining allegations in paragraph 34 of the Complaint and therefore denies them.

35. Microsoft denies the '382 patent discloses technology that enhances online gaming. Microsoft does not have sufficient information to admit or deny the remaining allegations in paragraph 35 of the Complaint and therefore denies them.

## COUNT I
### (Infringement of the '143 Patent)

36. Microsoft incorporates by reference its responses to paragraphs 1–35 as if repeated verbatim.

37. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 37 of the Complaint and therefore denies them.

38. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 38 of the Complaint and therefore denies them.

39. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 39 of the Complaint and therefore denies them.

40. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 40 of the Complaint and therefore denies them.

41. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 41 of the Complaint and therefore denies them.

42. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 42 of the Complaint and therefore denies them.

43. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 43 of the Complaint and therefore denies them.

44. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 44 of the Complaint and therefore denies them.

45. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 45 of the Complaint and therefore denies them.

46. Microsoft denies the allegations in paragraph 46 of the Complaint that are directed towards Microsoft.

47. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 47 of the Complaint and therefore denies them.

48. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 48 of the Complaint and therefore denies them.

49. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 49 of the Complaint and therefore denies them.

50. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 50 of the Complaint and therefore denies them.

51. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 51 of the Complaint and therefore denies them.

52. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 52 of the Complaint and therefore denies them.

53. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 53 of the Complaint and therefore denies them.

54. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 54 of the Complaint and therefore denies them.

55. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 55 of the Complaint and therefore denies them.

56. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 56 of the Complaint and therefore denies them.

57. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 57 of the Complaint and therefore denies them.

58. Microsoft denies the allegations in paragraph 58 of the Complaint that are directed towards Microsoft. To the extent the allegations in paragraph 58 are directed to other defendants, Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

59. Microsoft denies the allegations in paragraph 59 of the Complaint that are directed towards Microsoft. To the extent the allegations in paragraph 59 are directed to other defendants, Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## COUNT II
### (Infringement of the '382 Patent)

60. Microsoft incorporates by reference its responses to paragraphs 1–59 as if repeated verbatim.

61. Microsoft denies the allegations in paragraph 61 of the Complaint that are directed towards Microsoft.

62. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 62 of the Complaint and therefore denies them.

63. Microsoft does not have sufficient information to admit or deny the allegations in paragraph 63 of the Complaint and therefore denies them.

64. Microsoft denies the allegations in paragraph 64 of the Complaint that are directed towards Microsoft. To the extent the allegations in paragraph 64 are directed to other

defendants, Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

65. Microsoft denies the allegations in paragraph 65 of the Complaint that are directed towards Microsoft. To the extent the allegations in paragraph 65 are directed to other defendants, Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## DEMAND FOR JURY TRIAL

This paragraph sets forth Walker Digital's request for a jury trial, to which no response is required. To the extent any admission or denial may be required, Microsoft admits that Plaintiff purports to request a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

Microsoft denies that Walker Digital is entitled to any relief from Microsoft or the Court, either as prayed for in the Complaint or otherwise.

## AFFIRMATIVE DEFENSES

66. Further answering the Complaint, Microsoft asserts the following affirmative defenses. In doing so, Microsoft does not assume the burden of proof with respect to those related matters for which, pursuant to law, Plaintiff bears the burden. In addition to the affirmative defenses described below, Microsoft specifically reserves the right to allege additional affirmative defenses as they become known through the course of discovery.

### First Defense

67. Microsoft does not infringe and has not infringed (not directly, contributorily, or by inducement) and is not liable for infringement of any valid and enforceable claim of the '143 or '382 patents.

**Second Defense**

68. The claims of the '143 and '382 patents are invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Codes, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 115, and 116.

**Third Defense**

69. Walker Digital's claim for damages, if any, against Microsoft for alleged infringement of the '143 or '382 patents are limited by 35 U.S.C. §§ 286, 287, and/or 288.

**Fourth Defense**

70. Walker Digital is estopped from construing the claims of the '143 or '382 patents in such a way as to encompass subject matter disclaimed by the amendments and/or arguments that it made in order to obtain allowance of the '143 or '382 patents.

**Fifth Defense**

71. Walker Digital is not entitled to any injunctive relief because any injury to Walker Digital is neither immediate nor irreparable and because Walker Digital LLC has adequate remedies at law.

**Sixth Defense**

72. Walker Digital pled no valid basis for finding an exceptional case.

**Seventh Defense**

73. Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the claims of the '143 or '382 patents.

### Eighth Defense

74. Walker Digital's Complaint fails to state a claim upon which relief can be granted.

### Ninth Defense

75. Walker Digital's Complaint fails to state a claim of indirect infringement upon which relief can be granted.

### Tenth Defense

76. Walker Digital's claims are unenforceable due to laches because of Walker Digital's unreasonable delay in asserting the '143 or '382 patents.

### Eleventh Defense

77. Walker Digital's claims are barred in whole or in part by the doctrine of disclaimer.

### Twelfth Defense

78. On information and belief, Microsoft has not engaged in any conduct that entitles Walker Digital to attorneys' fees or costs.

### Thirteenth Defense

79. Walker Digital's claims are barred in whole or in part due to Walker Digital's failure to mitigate damages, if any.

### Fourteenth Defense

80. Walker Digital's claims are barred in whole or in part by the doctrines of waiver, unclean hands, equitable estoppel, estoppel, and/or prosecution history estoppel.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Microsoft, for its Counterclaims against Walker Digital, alleges as follows:

## THE PARTIES

81. Microsoft is a corporation organized and existing under the laws of the State of Washington, with its principal place of business at One Microsoft Way, Redmond, WA, 98052-6399.

82. Upon information and belief, Plaintiff Walker Digital, LLC is a limited liability company with its principal place of business located 2 High Ridge Park, Stamford, Connecticut 06905.

## JURISDICTION AND VENUE

83. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and by virtue of Walker Digital's admissions in the Complaint that venue is proper in this District.

84. This Court has personal jurisdiction over Walker Digital under 28 U.S.C. § 1391(b) and (c), and Federal Rule of Civil Procedure 13(a)(1).

85. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and Federal Rule of Civil Procedure 13(a)(1).

## COUNT I
### Declaratory Judgment of Non-Infringement of the '143 Patent

86. Microsoft restates and incorporates by reference its allegations in paragraphs 81-85 of its Answer and Counterclaims.

87. An actual case or controversy exists between Microsoft and Walker Digital as to whether the '143 patent is infringed by Microsoft.

88. A judicial declaration is necessary and appropriate so that Microsoft may ascertain its rights regarding the '143 patent.

89. Microsoft has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '143 patent.

## COUNT II
### Declaratory Judgment of Invalidity and/or Unenforceability of the '143 Patent

90. Microsoft restates and incorporates by reference its allegations in paragraphs 81-85 of its Counterclaims.

91. The '143 patent is invalid under 35 U.S.C. § 101 because it fails to claim patentable subject matter insofar as it seeks to claim an abstract idea.

92. The '143 patent is invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 115, and 116.

## COUNT III
### Declaratory Judgment of Non-Infringement of the '382 Patent

93. Microsoft restates and incorporates by reference its allegations in paragraphs 81-85 of its Answer and Counterclaims.

94. An actual case or controversy exists between Microsoft and Walker Digital as to whether the '382 patent is infringed by Microsoft.

95. A judicial declaration is necessary and appropriate so that Microsoft may ascertain its rights regarding the '382 patent.

96. Microsoft has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '382 patent.

## COUNT IV
### Declaratory Judgment of Invalidity and/or Unenforceability of the '382 Patent

97. Microsoft restates and incorporates by reference its allegations in paragraphs 81-85 of its Counterclaims.

98. The '382 patent is invalid under 35 U.S.C. § 101 because it fails to claim patentable subject matter insofar as it seeks to claim an abstract idea.

99. The '382 patent is invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 115, and 116.

### EXCEPTIONAL CASE

100. On information and belief, this is an exceptional case entitling Microsoft to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Walker Digital's assertion of the '143 and '382 patents against Microsoft with the knowledge that Microsoft does not infringe any valid or enforceable claim of the '143 or '382 patents and/or that the '143 and '382 patents are invalid and/or unenforceable.

### PRAYER FOR RELIEF

WHEREFORE, Microsoft prays for judgment as follows:

a. A judgment dismissing Walker Digital's Complaint against Microsoft with prejudice;

b. A judgment declaring that Microsoft has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid and enforceable claim of the '143 and '382 patents;

  c. A judgment declaring that the '143 and '382 patents are invalid and unenforceable;

  d. A judgment declaring that Microsoft has not willfully infringed and is not willfully infringing any valid and/or enforceable claim of the '143 or '382 patents.

  e. A judgment declaring that this case is exceptional and an award of reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

  f. A judgment limiting or barring Walker Digital's ability to enforce the '143 or '382 patents in equity;

  g. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

In accordance with Fed. R. Civ. P. 38(b), Microsoft demands a trial by jury on all issues so triable.

Dated: October 5, 2011    FISH & RICHARDSON P.C.

            By: */s/ Lauren Murphy Pringle*
              William J. Marsden, Jr. (#2247)
              Lauren Murphy Pringle (#5375)
              222 Delaware Avenue, 17th Floor
              P.O. Box 1114
              Wilmington, DE  19801
              Telephone:  (302) 652-5070
              Facsimile:  (302) 652-0607
              marsden@fr.com
              pringle@fr.com

            **ATTORNEY FOR DEFENDANT**
            **MICROSOFT CORPORATION**