# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALKER DIGITAL, LLC, *Plaintiff,* v. ACTIVISION BLIZZARD, INC. *et al.*, *Defendants.* | C.A. No. 11-322 (SLR) |

## WALKER DIGITAL, LLC'S ANSWER TO COUNTERCLAIMS BY DEFENDANT MICROSOFT CORPORATION

Plaintiff Walker Digital, LLC ("Walker Digital"), for its answer to Defendant Microsoft Corporation's ("Microsoft") Counterclaims against Walker Digital's Complaint ("Counterclaim"), avers:

### THE PARTIES

81.   Walker Digital admits to the allegations set forth in paragraph 81 of the Counterclaim.

82.   Walker Digital admits to the allegations set forth in paragraph 82 of the Counterclaim.

### JURISDICTION AND VENUE

83.   Walker Digital admits that venue is proper in this judicial district.  Except as thus expressly admitted, Walker Digital denies the allegations set forth in paragraph 83 of the Counterclaim.

84.   Walker Digital admits that this Court has personal jurisdiction over Walker Digital.  Except as thus expressly admitted, Walker Digital denies the allegations set forth in paragraph 84 of the Counterclaim.

85. Walker Digital admits to the allegations set forth in paragraph 85 of the Counterclaim.

## COUNT I
### Declaratory Judgment of Non-Infringement of the '143 Patent

86. Walker Digital incorporates and re-alleges paragraphs 1-5 of its Answer as if fully set forth herein in response to the allegations set forth in paragraph 86 of the Counterclaim.

87. Walker Digital admits to the allegations set forth in paragraph 87 of the Counterclaim.

88. Walker Digital denies the allegations set forth in paragraph 88 of the Counterclaim.

89. Walker Digital denies the allegations set forth in paragraph 89 of the Counterclaim.

## COUNT II
### Declaratory Judgment of Invalidity and/or Unenforceability of the '143 Patent

90. Walker Digital incorporates and re-alleges paragraphs 1-5 of its Answer as if fully set forth herein in response to the allegations set forth in paragraph 90 of the Counterclaim.

91. Walker Digital denies the allegations set forth in paragraph 91 of the Counterclaim.

92. Walker Digital denies the allegations set forth in paragraph 92 of the Counterclaim.

## COUNT III
### Declaratory Judgment of Non-Infringement of the '382 Patent

93. Walker Digital incorporates and re-alleges paragraphs 1-5 of its Answer as if fully set forth herein in response to the allegations set forth in paragraph 93 of the Counterclaim.

94. Walker Digital admits to the allegations set forth in paragraph 94 of the Counterclaim.

95. Walker Digital denies the allegations set forth in paragraph 95 of the Counterclaim.

96. Walker Digital denies the allegations set forth in paragraph 96 of the Counterclaim.

## COUNT IV
**Declaratory Judgment of Invalidity and/or Unenforceability of the '382 Patent**

97. Walker Digital incorporates and re-alleges paragraphs 1-5 of its Answer as if fully set forth herein in response to the allegations set forth in paragraph 97 of the Counterclaim.

98. Walker Digital denies the allegations set forth in paragraph 98 of the Counterclaim.

99. Walker Digital denies the allegations set forth in paragraph 99 of the Counterclaim.

**EXCEPTIONAL CASE**

100. Walker Digital denies the allegations set forth in paragraph 100 of the Counterclaim.

**PRAYER FOR RELIEF**

WHEREFORE, Walker Digital prays that this Court:

A. Dismiss Microsoft's Counterclaim against Walker Digital with prejudice;

B. Hold that Microsoft is not entitled to any relief, whether in law or equity or otherwise, from its claims against Walker Digital;

C. Declare that Microsoft has infringed and does infringe one or more claims of the '143 patent and the '382 patent;

D.  Declare that the claims of the '143 patent and the '382 patent are valid and enforceable;

E.  Issue an order finding that this case is exceptional and awarding Walker Digital its respective costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or other statutes; and

F.  Award Walker Digital any other relief, in law and in equity, to which the Court finds Walker Digital is justly entitled.

October 17, 2011

OF COUNSEL:

James C. Otteson
David A. Caine
Thomas T. Carmack
Xiang Long
AGILITY IP LAW LLP
1900 University Circle, Suite 201
East Palo Alto, CA 94303
650.227.4800
jim@agilityiplaw.com
dacaine@agilityiplaw.com
tom@agilityiplaw.com
longxiang@agilityiplaw.com

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Richard D. Kirk (#0922)
Stephen B. Brauerman (#4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
302.655.0500
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

*Attorneys for Plaintiff Walker Digital, LLC*