**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WALKER DIGITAL, LLC,<br>Plaintiff,<br>v.<br>ACTIVISION BLIZZARD, INC.; *et. al*,<br>Defendants. | C.A. No. 11-322 (SLR) |

**JOINT [PROPOSED] SCHEDULING ORDER**

At Wilmington this _______________ day of _______________ 2011, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b);

IT IS ORDERED that:

1. **Preliminary Contentions.**

(a) Plaintiff shall provide each Defendant with preliminary identifications of the accused products, systems and/or services by **August 19, 2011**.

(b) Defendants shall produce to Plaintiff core technical documents regarding the accused products, systems and/or services identified by Plaintiff by **October 24, 2011**.

(c) **Plaintiff's Proposal**: Provided that Defendants produce sufficient core technical documents by October 24, 2011, from which preliminary infringement contentions can be prepared, Plaintiff shall serve on each Defendant a chart setting forth the asserted claims and Plaintiff's preliminary infringement contentions by **December 21, 2011**.

**Defendants' Proposal:** Plaintiff shall serve on each Defendant a chart setting forth the asserted claims and Plaintiff's preliminary infringement contentions by **December 5, 2011**. For each asserted claim, the chart shall identify each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of which the Plaintiff is aware, and shall further identify specifically where each limitation of each asserted claim is found within each Accused Instrumentality, whether each limitation is alleged to be present literally or under the doctrine of equivalents, and for each limitation that the Plaintiff contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s) or material(s) in the Accused Instrumentality that performs the claimed function.

(d) **Discovery Conference.**

**Plaintiff's Proposal:** The Court will hold a telephonic conference on **November ___, 2011**, at _______, to discuss the status of Defendants' production of core technical documents and Plaintiff's preparation of preliminary infringement contentions.

**Defendants' Proposal:** After Plaintiff has provided the Defendants with a chart of the asserted claims and preliminary infringement contentions, the Court will hold a Conference in Courtroom 4B on **December ___, 2011** at _______, to discuss the remaining discovery issues.

2. **Pre-Discovery Disclosures.** The exchange of additional information pursuant to Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.1 will be deferred until after the discovery conference discussed in paragraph 1(d).

3. **Discovery.**

(a) The issues of willfulness and damages shall be bifurcated for purposes of discovery and trial, unless good cause is shown otherwise. Bifurcation notwithstanding, the parties may seek limited financial discovery as necessary for the purpose of conducting mediation or other ADR, and for the purpose of exploring the issues of secondary considerations of non-obviousness and the value of the patents-in-suit.

(b) Discovery in this phase will be needed on the following subjects: conception, reduction to practice, development, prior art, inventorship, patent prosecution, claim construction, infringement, non-infringement, validity, invalidity, licensing, laches, estoppel, unclean hands, waiver, ownership, standing, enforceability, inequitable conduct and any other affirmative defenses and counterclaims asserted in the answers to the Complaint. At the appropriate time, discovery related to damages and willfulness may also be needed.

(c) All fact discovery in this phase shall be commenced in time to be completed by **August 31, 2012**.

(1) Each side is permitted to serve up to **20** common interrogatories with the exception of the ’382 Patent defendants, who may propound an additional **10** common interrogatories on issues related to that patent. Plaintiff may propound an additional **10** common interrogatories to the ’382 Patent Group on issues related to that patent. In addition, Plaintiff may propound **10** individual interrogatories to each defendant group, and each defendant group may propound **10** individual interrogatories to Plaintiff. For purposes of this Scheduling Order, a defendant group

shall mean named corporate entities who are defendants to the litigation such as parent companies or subsidiaries, and who are defending claims aimed at a common accused platform/device/website.

(2) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(3) Each side is permitted **30** common requests for admission. Each defendant group may serve up to **30** individual requests for admission to Plaintiff, except that the defendant groups against whom the ’382 Patent is asserted may serve an additional **10** requests for admission directed to the ’382 Patent. Plaintiff may serve up to **30** individual requests for admission to each defendant group, except that Plaintiff may serve an additional **10** requests for admission directed to the ’382 Patent on the defendant groups against whom the ’382 Patent is asserted. There shall be no limit, however, on the number of requests for admission that Plaintiff and each defendant group may serve directed solely to the authentication of documents and things. The parties are required to meet and confer in good faith prior to serving any requests for admissions directed solely to the authentication of documents and things to determine whether the requests are necessary and/or reasonable.

(4) Discovery of paper and electronic documents other than e-mail (hereafter, "e-discovery") shall be completed on or before **April 19, 2012**. This deadline does not alter normal discovery response deadlines.

(i) **Plaintiff's Proposal:** e-discovery shall be limited to centralized file servers and the custodians that the parties identify in their initial disclosures pursuant to Rule 26(a)(1) and D. Del. LR 16.1.

**Defendants' Proposal:** e-discovery shall be limited to the initial custodians identified through the D. Del. 16.1(a) meeting.

(ii) **Plaintiff's Proposal**: e-discovery shall be limited to a term of five (5) years, except that discovery with regard to conception, development, reduction to practice, commercialization, licensing, and prosecution of the patents-in-suit, prior art, development of and infringement by the accused systems, and knowledge of the patents-in-suit are not so limited;

**Defendants' Proposal:** e-discovery and discovery of e-mails shall be limited to a term of five (5) years except that discovery with regard to conception, development, reduction to practice, commercialization, licensing, and prosecution of the patents-in-suit and prior art are not so limited.[1]

(iii) **Plaintiff's Proposal**: absent a motion supported by good cause, discovery of e-mails shall be limited to the e-mails of up to 5 identified custodians;

**Defendants' Proposal:** absent a motion supported by good cause, discovery of e-mails shall be limited to the e-mails of no more

[1] Defendants object to the inclusion of knowledge of the patents-in-suit because neither willfulness nor indirect infringement are at issue.

than 5 identified custodians, each of which must be an initial custodian as previously identified for e-discovery; and provided that specific requests for production of e-mails shall not occur until after the parties have met and conferred in good faith to discuss the scope and procedure of e-mail discovery and whether production of emails is necessary.

(iv) on or before **April 19, 2012**, each party may request e-discovery of additional custodians or for additional years, for good cause shown; and

(v) no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6) relating to the existence and location of documents, standing and third-party depositions) shall be scheduled prior to the completion of e-discovery.

(5) **Plaintiff's Proposal**: Maximum of 75 hours of fact depositions by defendants and 25 hours of fact depositions by plaintiff of each defendant group. Each fact deposition is limited to a maximum of 7 consecutive hours unless extended by agreement of parties or upon order of the court in which good cause is shown. The aggregate maximum hour limitation of 75 hours does not apply to third party depositions.

**Defendants' Proposal:** Maximum of 250 hours of fact depositions by plaintiff of defendants and third parties and 250 hours of fact depositions by defendants of plaintiff and third parties. Each fact deposition is limited to a maximum of 7 hours, except that depositions of named inventors may be taken for 14 hours each, unless extended by agreement of parties or upon order of the court upon

good cause shown. Plaintiff is limited to no more than 25 hours of deposition time for each defendant group.

(d) Expert discovery shall be commenced in time to be completed by **December 21, 2012**.

(1) Expert reports on issues for which the parties have the burden of proof due **September 26, 2012**. Rebuttal expert reports due **October 24, 2012**. Supplemental reports (for, e.g., secondary considerations of obviousness) due **November 16, 2012**.

(2) The parties shall meet and confer in good faith on or before **November 1, 2012** to discuss the appropriate length of expert depositions.

(3) All Daubert motions shall be filed within thirty (30) days after the close of expert discovery.

(e) Supplementations under Rule 26(e) due at least thirty (30) days before the close of fact discovery.

(f) **Fact Witnesses to be Called at Trial**. By **March 13, 2013**, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within thirty (30) days of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such previously undisclosed fact witnesses who have not been deposed in this case. Such deposition shall be held within thirty (30) days after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless

extended by agreement of the parties or upon order of the court upon good cause shown.

(g) **Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings shall be filed on or before **June 10**, **2012**.

4. **Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR

5. **Claim Construction Issue Identification**. If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms on **July 31, 2012.** This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 6 below. Plaintiff will elect no more than **15** total asserted claims no later than **June 29, 2012.**

6. **Claim Construction**. Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on **December 6, 2012** with the claim chart separately docketed. Plaintiff shall serve and file its opening brief on claim construction on or before **February 5, 2013**. Defendants shall serve and file their answering claim construction brief on or

before **February 25, 2013.** Plaintiff shall serve and file its reply brief on or before **March 11, 2013**. Defendants shall serve and file their surreply brief on or before **March 25, 2013**.

7. **Summary Judgment Motions**.

(a) All summary judgment motions shall be served and filed on or before **April 9, 2013**. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

(b) Opening briefs on infringement and invalidity shall be served and filed on or before **April 9, 2013**.

(c) Opening briefs or combined opening-answering briefs on noninfringement and validity shall be served and filed on or before **April 23, 2013**.

(d) Where cross-motions are not presented, answering and reply briefs shall be due as calculated from the filing of any opening brief as per LR 7.1.2.

(e) Where cross-motions are presented, a surreply brief will be permitted, to be filed 7 days from the filing of the reply brief.

(f) The hearing on the claim construction and motion(s) for summary judgment will be heard on **June 6 and 7, 2013** at **9:30 a.m.**

8. **Applications by Motion**. Any application to the court shall be by written motion filed with the clerk. The court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the court.

(a) Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

9. **Motions in Limine**. **No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Status Conference**. **Plaintiff's Proposal**: The Court will hold a Conference in Courtroom 4B on **February 7, 2013** at **4:30 p.m.** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware, to discuss the status of the case.

**Defendants' Proposal:** The Court will hold a Conference in Courtroom 4B on **February 7, 2013** at **4:30 p.m.** to discuss the status of the case. Depending on the issues and defendants remaining in the case at that time, and the commonality of issues among the remaining defendants, the parties request the Court to consider procedures to streamline the trial(s), including the possibility of separate trials pursuant to Fed. R. Civ. P. 21 and 42(b).

11. **Pretrial Conference**. A pretrial conference will be held on **September 12, 2013** at **9:30 a.m.** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

12. **Trial**. This matter is scheduled for a jury trial commencing during the period **September 23, 2013 - December 13, 2013** in courtroom 4B, fourth floor, Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases. The precise date and structure of the trial will be discussed at the February 7, 2013 status conference.

________________________________

United States District Judge