# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALKER DIGITAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ACTIVISION BLIZZARD, INC.; *et. al*, <br><br> Defendants. | C.A. No. 11-322 (SLR) |

## PROTOCOL FOR PRODUCTION OF DOCUMENTS

1. **General Production Protocol.**

    A. **General Document Image Format**. Each document shall be produced by the respective parties in the format specified as follows. Certain documents may be produced in Native format as described in Section 2(A), or any other documents, at the producing party's discretion.

    (1) Plaintiff Walker Digital, LLC ("WD") shall produce each document in single-page Group IV Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with the unique BegNo, followed by the extension ".TIF". A load file, preferably an Opticon (.opt) load file, shall be provided to indicate the location and unitization of the TIFF files. In addition, generic Concordance delimiters shall be used, as outlined in Appendix 1.

    (2) Defendants Activision Blizzard, Inc., Atari, Inc., Cartoon Interactive Group, Inc., CCP North America, Inc., Cryptic Studios, Inc., Disney Online, Electronic Arts, Inc., ESPN/Starwave Partners, Gaia Interactive, Inc., Microsoft Corporation, Miniclip Tech (US) Limited, Inc., , PopCap Games, Inc., Sony Computer Entertainment America, LLC, Turbine, Inc., Turner Digital Basketball Services, Inc., Valve Corporation, Disney Online Studios Canada, Yahoo!, Inc. and Zynga, Inc. (collectively, "Defendants") shall produce each document in single-page Group IV Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with the unique BegNo, followed by the extension ".TIF". A load file, preferably an Opticon (.opt) load file, shall be provided to indicate the location and unitization of the TIFF files. In addition, generic Concordance delimiters shall be used, as outlined in Appendix 1.

B. **Extracted Text and OCR – English**. Parties shall produce extracted text files accompanying the production. Accompanying extracted text files shall be multipage and should be named with the corresponding BegNo followed by the extension ".TXT." For documents containing redactions, Optical Character Recognition ("OCR") text will be substituted for extracted text files. OCR Text shall be provided in multi-page searchable ASCII text format and shall be named with the unique BegNo of the corresponding TIFF document followed by the extension ".TXT". A link to the text and OCR files will be provided in load file as indicated in Appendix 1.

C. **Extracted Text and OCR – Foreign Language**. Parties producing documents in a foreign language shall produce extracted text and OCR in accordance with Section 1(B) except:

   (1) Extracted text shall be UTF-8 compliant for foreign language collections.

   (2) Redacted foreign language documents need not be accompanied by OCR text.

D. **Metadata.** Ediscovery production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata, other than the following, absent a showing of good cause. For email, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall be included in the production. For other documents, to the extent such metadata exists, and production would not be unduly burdensome, the parties shall include fields showing custodian/source, author, filename, file type, create date, and modify date, and document family relationship (which documents are attached to one another). Any Metadata that is produced shall be formatted into a basic .txt, .dat or .csv file with Concordance delimiters (i.e., a load file).

E. **Document Unitization**. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document. That unitization shall be reflected in the load file described in Section 1.D, and Appendix 1. For email families, the appropriate BegAtt/EndAtt shall accompany the BegNo/EndNo range in the load file.

F. **Footer**. Each document image shall contain a footer with a sequentially ascending Production Number. Each party shall designate up to a ten character prefix to denote documents produced by that party. If produced in Native format, the next consecutive bates number and filename of the document shall be the Production Number for that document.

   (1) Production Numbers shall not be more than twenty characters long or contain spaces or underscore symbols.

G. **Color**. Documents shall be produced as black and white TIFF images. If the need arises to view a particular document in color, a party can make a good faith

request to receive color JPEG images for that document. Native files shall maintain their color.

2. **Other Categories of Documents.**

   A. **Native Files**. Except as provided in subparagraph 5 below, parties shall produce all financial spreadsheets in their Native electronic format upon the request of the receiving party, and may provide other types of documents in their Native electronic format upon reasonable request or at the producing party's discretion.

      (1) Native files may be named with the corresponding BegNo.

      (2) A TIFF slip-sheet containing the BegNo, confidentiality designation and phrase "Native File Produced" shall be provided with all documents produced in Native File Format.

      (3) Native files may be altered only to embed the file with confidentiality designations.

      (4) To the extent the producing party exercises its discretion to produce a file (other than an excel spreadsheet) in its Native electronic format, the producing party shall also produce that file's TIFF image and/or extracted text file if available to the producing party.

      (5) Financial spreadsheets containing information subject to a claim of attorney-client privilege and/or work product need not be produced in their Native electronic format. If the protected information can be redacted, such documents shall be produced as a reasonably viewable image, or in an alternative format mutually agreed upon by the party requesting production and the producing party.

   B. **Hard Copy Documents**. Hard copy documents shall be scanned to the electronic format specified in Section 1(A), i.e., single-page TIFF for WD, and single-page TIFF for Defendants. Each electronic file shall be named with its unique BegNo followed by the application extension, ".TIF". OCR text shall be provided for hard copy documents.

   C. **Redacted Documents**. OCR text shall be included as provided in Section 1(B).

   D. **Email Production.** To obtain email parties must propound specific email production requests. Email production requests shall identify the custodian and search terms. The parties shall cooperate to identify the proper custodians and proper search terms. Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name,

       are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

**3.**     **Other Proceedings.** Disclosure of privileged or protected information in this proceeding will not constitute a waiver of the disclosed privileged or protected information in any other federal or state proceeding.

    **So ORDERED and SIGNED this \_\_\_\_ day of December 2011.**

                                                _____
                                                **UNITED STATES DISTRICT JUDGE**

- 5 -

## APPENDIX 1

|  | **Delimiters:** |
|---|---|
| Field Qualifier (quote): | (254) |
| Field Delimiter (comma): | (020) |
| Newline Delimiter | (174) |
| Multi-entry Delimiter: | (059) |
| Date Format: | MM/DD/YYYY |
| Null Fields: | Left empty |
| Field Names in First Line: | Yes |

- 5 -

## APPENDIX 1

|  | **Delimiters:** |
|---|---|
| Field Qualifier (quote): | (254) |
| Field Delimiter (comma): | (020) |
| Newline Delimiter | (174) |
| Multi-entry Delimiter: | (059) |
| Date Format: | MM/DD/YYYY |
| Null Fields: | Left empty |
| Field Names in First Line: | Yes |